Robert R. Debes, Jr.(*Pending PHV*)
bdebes@eeoc.net
Ricardo J. Prieto (*Pending PHV*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle, Cal. Bar No. 302723
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

*Counsel for Plaintiff, Noah Goldman-Hull, and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NOAH GOLDMAN-HULL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>Defendant. | **Case No: 3:19-cv-01513**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA LAWS**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**RULE 23 CLASS ACTION**<br><br>**PAGA REPRESENTATIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff Noah Goldman-Hull ("Goldman-Hull" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant DoorDash, Inc. and shows in support as follows:

### I.     INTRODUCTION AND NATURE OF ACTION

    1.     Defendant, DoorDash, Inc. (referred to hereinafter as "Defendant" and/or "DOORDASH"), provides takeout food delivery via a phone application and website throughout the country. To do so, it employs delivery drivers (a/k/a "Dashers"). Defendant misclassifies

1  Plaintiff and its other Dashers as "independent contractors" rather than "employees" and fails to

2  pay them for all hours worked.

3        2.      This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-

4  219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking

5  damages for Defendant's failure to pay the federally-mandated minimum wage. Plaintiff brings

6  this action on behalf of similarly situated Dashers misclassified by Defendant as independent

7  contractors located nationwide as a collective action under 29 U.S.C. § 216(b).

8        3.      This action is also brought under the California Labor Code § 226.8 for the willful

9  misclassification of its Dashers, California Labor Code § 2802 for unlawfully requiring its

10 misclassified Dashers to pay business expenses, California Labor Code §§ 1194 and 1197 for

11 failing to pay the required minimum wage for all hours worked, and California Labor Code §

12 226(a) for failing to provide itemized wage statements. Plaintiff brings the California State Law

13 claims as a class action under FED. R. CIV. P. 23.

14       4.      Finally, this action is brought under the California Private Attorneys General Act,

15 ("PAGA") for Defendant's various aforementioned violations of California State Law seeking

16 statutory penalties assessed in connection with PAGA. Plaintiff brings the claims under PAGA

17 as a representative action pursuant to that statute.

18                                    **II.     THE PARTIES**

19 **A.     Plaintiff Goldman-Hull**

20       5.      Plaintiff Noah Goldman-Hull is an individual residing in San Mateo County,

21 California. He has standing to file this lawsuit.

22       6.      Goldman-Hull is a current employee of Defendant who works as a Dasher from

23 approximately December 1, 2018 to the present.

24       7.      Goldman-Hull's written consent to participate in this action is attached to this

25 Complaint as Exhibit 1.

26       8.      Plaintiff has provided written notice by certified mail and electronic submission to

27 the California Labor & Workforce Development Agency ("LWDA") and to Defendant through

28

1   its registered agent of the legal claims and theories of this case. In the event the LWDA does not

2   investigate Defendant's actions, Plaintiff seeks to represent similarly situated technicians

3   pursuant to PAGA.

4   **B.   Putative Collective Action Members**

5   9.   The putative Collective Action Members are all current and former Dashers

6   misclassified by Defendant as independent contractors who work or worked for Defendant

7   nationwide at any time within the three years prior to the filing of the Original Complaint

8   through the date of final disposition of this action.

9   10.   Plaintiff seeks to represent the Collective Action Members seeking damages for

10   claims of unpaid minimum wages pursuant to the FLSA, and is similarly situated to the

11   Collective Action Members pursuant to 29 U.S.C. § 216(b).

12   **C.   Putative California Class Action Members**

13   11.   The putative California Class Action Members are all current and former Dashers

14   misclassified by Defendant as independent contractors who work or worked for Defendant in

15   California at any time within the four years prior to the date of filing of this Complaint through

16   the date of the final disposition of this action.

17   12.   Plaintiff seeks to represent the California Class Action Members, seeking

18   damages for the California State Law Claims, described further below. Plaintiff is a proper class

19   representative pursuant to FED. R. CIV. P. 23(a)(4).

20   **D.   Defendant DoorDash, Inc.**

21   13.   Defendant DoorDash, Inc. is headquartered in San Francisco, California.

22   Doordash, Inc. is a Delaware corporation that is licensed to do business (and is doing business)

23   in the State of California. Doordash, Inc. may be served through its registered agent, Registered

24   Agent Solutions, Inc., 2138 Silas Deane Hwy. Suite 101, Rocky Hill, CT 06067.

25   14.   At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in

26   commerce" as defined by the FLSA.

27

28

1       15.     At all times relevant to this lawsuit, Defendant employed, and continues to

2   employ, two or more employees.

3       16.     At all times relevant to this lawsuit, Defendant employed two or more employees

4   who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials

5   that have been moved in or produced for commerce by any person.

6       17.     On information and belief, at all times relevant to this lawsuit, Defendant has had

7   gross operating revenues or business volume in excess of $500,000.

8                          **III.     JURISDICTION AND VENUE**

9       18.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C.

10  § 1331 and the FLSA at 29 U.S.C. § 216(b).

11      19.     This Court also has supplemental jurisdiction over Plaintiff's California State Law

12  claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of

13  operative fact.

14      20.     This Court is empowered to issue a declaratory judgment with respect to all

15  claims pursuant to 28 U.S.C. §§ 2201 & 2202.

16      21.     The United States District Court for the Northern District of California has

17  personal jurisdiction over Defendant because Defendant does business in California and in this

18  District, and because many of the acts complained of and giving rise to the claims alleged

19  occurred in California and in this District.

20      22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

21  substantial part of the events giving rise to all claims occurred in this District.

22      23.     **Intradistrict Assignment:** This lawsuit should be assigned to the San Francisco

23  Division of this Court because a substantial part of the events or omissions which give rise to this

24  lawsuit occurred in San Mateo County.

25

26

27

28

## IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

24.    DoorDash is a food delivery service which provides home and office food delivery to its customers.

25.    Plaintiff was hired to work as a delivery driver/Dasher for Defendant.

26.    DoorDash does not pay Plaintiff or its other Dashers an hourly wage or a salary; rather, Plaintiff receives the "delivery fee" that is paid by DoorDash's customers, as well as any gratuity that the customer pays to the Dasher. DoorDash, not Plaintiff or the other Dashers, determines the "delivery fee."

27.    While DoorDash classifies Plaintiff as an "independent contractor," Plaintiff is truly an "employee" pursuant to the FLSA's economic realities test, and pursuant to the "ABC" test under California state law, as set forth in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal.5th 903 (2018).

28.    For instance, Plaintiff does not determine the amount he will charge DoorDash for his services; rather, DoorDash decides how much of a "delivery fee" its customers will pay and simply passes that charge on to the Plaintiff as his sole compensation.

29.    DoorDash provides Plaintiff and its other Dashers with the customers for whom the delivery services are to be performed.

30.    DoorDash requires Plaintiff and its other Dashers to comply with certain rules, regulations, policies and procedures in order to work for them. A Dasher who fails to comply with said policies is subject to reprimand and/or termination.

31.    Plaintiff and the other Dashers all perform delivery services within DoorDash's usual course of business as a food delivery service. Without delivery drivers/Dashers, DoorDash would not exist.

32.    DoorDash unilaterally sets the pay scheme and rate of pay for Plaintiff and its other Dashers. This rate of pay is not negotiated by and among DoorDash and its Dashers.

33.    DoorDash has a single pay practice and/or policy that applies to Plaintiff and all of its other Dashers.

Case No. 3:19-cv-01513
Plaintiff's Original Complaint

1      34.     Pursuant to DoorDash's policy, it does not reimburse Plaintiff or any of its

2   Dashers for the cost of owning/leasing a vehicle, nor the cost to fuel or maintain it.

3      35.     Moreover, DoorDash: (i) had the power to discipline and/or terminate Plaintiff

4   and the Class Members, (ii) regularly supervised and controlled work conditions of employment

5   for Plaintiff and Class Members, (iii) determined the rate and method of payment of wages, (iv)

6   paid Plaintiff and Class Member wages and made deductions to his wages, and (v) maintained

7   employment records of Plaintiff and Class Members.

8      36.     Plaintiff was not a member of management.  Neither he nor any other Class

9   Member had authority to (nor did they):  manage an enterprise, hire or fire other employees, set

10   the pay rates of other employees, create policies or procedures to govern Defendant's employees,

11   handle employee grievances, determine the type of equipment or materials that Defendant could

12   use in their operations, plan and/or set Defendant's budget, enter into contracts on behalf of

13   Defendant, or otherwise have operational control over Defendant's business operations and

14   practices. Moreover, Plaintiff and the Dasher Class Members did not perform office or non-

15   manual work directly related to the management or general business operations of Defendant or

16   their customers, nor did they exercise discretion and independent judgment with respect to

17   matters of significance in the conduct of Defendant's businesses.

18      37.     Plaintiff and the Dasher Class Members were at all times "non-exempt"

19   employees and eligible to receive the minimum wage pay pursuant to the FLSA and California

20   state law.

21      38.     Moreover, DoorDash fails to reimburse Plaintiff and its other Dashers for the

22   normal and customary business expenses incurred on DoorDash's behalf in connection with the

23   delivery services they provide. These expenses include, but are not limited to, (i) Plaintiff's use

24   of a personal vehicle (i.e. gasoline and maintenance), (ii) the cost of liability insurance, (iii)

25   damage claims, (iv) parking and toll road charges incurred while picking up/dropping off

26   deliveries; (v) the cost of a cell phone, and all other tools/equipment in order to do the work

27   required. By failing to reimburse Plaintiff for these expenses, Plaintiff has often earned less than

28

Case No. 3:19-cv-01513
                                              Plaintiff's Original Complaint

1    the statutory minimum and overtime wage required by the FLSA and under California state law

2    during many workweeks.

3         39.    Finally, DoorDash does not provide proper itemized wage statements that explain

4    the piece rate basis on which Dashers are paid and does not break out the amount of drivers'

5    wages and tip, among other reasons.

6                          **V.    FLSA CLAIMS FOR MINIMUM WAGE**

7         40.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in

8    this section.

9    **A.    FLSA Coverage**

10        41.    All conditions precedent to this suit, if any, have been fulfilled.

11        42.    At all times relevant to this lawsuit, Defendant was an eligible and covered

12   employer under the FLSA pursuant to 29 U.S.C. § 203(d).

13        43.    At all times relevant to this lawsuit, Defendant has been an enterprise engaged in

14   commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

15        44.    At all times relevant to this lawsuit, Defendant has employed, and continues to

16   employ, employees including Plaintiff and the putative Collective Action Members who engaged

17   in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18        45.    At all relevant times, Defendant has had gross operating revenues or business

19   volume in excess of $500,000.

20   **B.    FLSA Allegations**

21        46.    At all relevant times, Plaintiff and the Putative Collective Action Members were

22   employees of Defendant pursuant to the FLSA.

23        47.    The FLSA generally requires that employers pay their employees the minimum

24   wage for all hours worked. 29 U.S.C. § 206(a)(1).

25        48.    Defendant misclassifies Plaintiff and its other delivery drivers as "independent

26   contractors" rather than "employees" and fails to pay them for all hours worked. In addition,

27   Defendant has required Plaintiff and its other Dashers to pay business expenses (including

28

                                    - 7 -                    Case No. 3:19-cv-01513
                                                        Plaintiff's Original Complaint

1    expenses incurred to own/lease a vehicle, maintain it, and fuel it) causing Plaintiff to be paid less

2    than the statutory minimum wage required by Sections 206 of the FLSA.  As a result, Defendant

3    violates the minimum wage provisions of the FLSA.

4    **C.      Collective Action Allegations**

5          49.      Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on

6    behalf of himself and all other persons employed by Defendant as a delivery service driver (*i.e.*

7    Dasher) within three (3) years from the filing of this suit who, like Plaintiff, (i) have been

8    misclassified as an "independent contractor;" and (ii) who have not been compensated at least

9    the full statutory minimum wage for all hours worked up to 40 each week. Those who file a

10   written consent will be a party to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

11         50.      Plaintiff has actual knowledge that putative Collective Action Members have been

12   misclassified and denied their minimum wage. Plaintiff worked with other Dashers employed by

13   Defendant. As such, he has personal knowledge of the pay violations. Furthermore, other

14   Dashers have shared with him that they experienced similar pay violations as those described in

15   this complaint. In fact, other Dashers who worked for Defendant have opted into this lawsuit as

16   opt-in Plaintiffs.

17         51.      Other Dashers similarly situated to Plaintiff work or have worked for Defendant

18   and did not receive their minimum wage.

19         52.      Other Dashers similarly situated to Plaintiff work or have worked for Defendant

20   and were misclassified as independent contractors.

21         53.      The putative Collective Action Members are similarly situated to Plaintiff in all

22   relevant respects, having performed the same work duties as Plaintiff and being similarly situated

23   with regard to Defendant's pay practices – specifically, misclassifying Dashers as independent

24   contractors and denying them their minimum wage pay.

25         54.      The putative Collective Action Members are similar to Plaintiff in terms of job

26   duties, pay structure, and the denial of all due and owing wages.

27

28

55.    Defendant's failure to pay the minimum wage to Dashers it misclassifies as independent contractors results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

56.    The experiences of Plaintiff with respect to his misclassification and pay, or lack thereof, is typical of the experiences of the putative Collective Action Members.

57.    The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

58.    Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of the technician employees.

59.    Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **All current and former Dashers who worked for Defendant nationwide from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.**

## VI.    CALIFORNIA STATE LAW CLAIMS

### A.    Controlling California State Law and Allegations

60.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

61.    This action is also brought under the California Labor Code § 226.8 for the willful misclassification of its Dashers, California Labor Code § 2802 for unlawfully requiring its misclassified Dashers to pay business expenses, California Labor Code §§ 1194 and 1197 for failing to pay the required minimum wage for all hours worked, and California Labor Code § 226(a) for failing to provide itemized wage statements. Plaintiff brings the California State Law claims as a class action under FED. R. CIV. P. 23. Plaintiff brings the claims under PAGA as a representative action pursuant to that statute.

62.    Defendant's actions described herein with regard to Plaintiff and the putative California Class were willful, intentional, and not the result of mistake or inadvertence.

1  63.     Defendant was aware that the California Labor Code, and other laws of the State

2  of California applied to its business operations at all relevant times. Indeed, this is not the first

3  time Defendant has been sued by Dashers for the same alleged violations herein.

4  64.     Defendant is aware that its failure to pay the minimum wage to its Dashers and

5  that their misclassification of independent contractor is unlawful pursuant to California State

6  Law.

7  **B.     Class Action Allegations**

8  65.     Plaintiff brings his claims for relief under California State Law, listed above, for

9  violations of California's wage and hour laws as a class action, pursuant to FED. R. CIV. P. 23(a),

10  (b)(2), & (b)(3).

11  66.     Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that

12  joinder of all members is impracticable. On information and belief, during the relevant time

13  period at least one hundred individuals worked for Defendant in the State of California.

14  67.     Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist

15  as to putative members of the California Class, including, but not limited to, the following:

16        a.     Whether the work performed by Class Members s within DoorDash's

17  usual course of business;

18        b.     Whether Dashers are engaged in their own business, or on behalf of

19  Defendant;

20        c.     Whether uniform polies and procedures apply to all Dashers regarding

21  how they perform their work for Defendant; and

22        d.     Whether Dashers have been forced to incur business expenses on behalf

23  of Defendant.

24  68.     Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the

25  putative California Class. Plaintiff, like other California Class members, was subjected to

26  Defendant's policy and practice of refusing to pay minimum wages owed to its Dashers in

27  violation of California law. Plaintiff's job duties and claims are typical of those of the putative

28

- 10 -                                    Case No. 3:19-cv-01513
                                    Plaintiff's Original Complaint

1   California Class. Furthermore, Plaintiff, like all Class members, was misclassified as an

2   independent contractor.

3       69.     Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately

4   represent and protect the interests of the putative California Class.

5       70.     Adequacy of counsel (FED. R. CIV. P. 23(g) – Plaintiff has retained counsel

6   competent and experienced in complex class actions, the FLSA, and state labor and employment

7   litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt

8   employees asserting claims under the FLSA and state law. Plaintiff's counsel intends to commit

9   the necessary resources to prosecute this action vigorously for the benefit of all of the putative

10  California Class.

11      71.     Class certification of the California State Law claims is appropriate pursuant to

12  FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally

13  applicable to the putative California Class, making appropriate declaratory and injunctive relief

14  with respect to the Plaintiff and the putative California Class as a whole. Plaintiff is entitled to

15  injunctive relief to end Defendant's common and uniform practice of failing to pay minimum

16  wages due to Plaintiff and the putative California Class.

17      72.     Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of

18  the California State Law claims is also appropriate under FED. R. CIV. P. 23(b)(3) because

19  questions of law and fact common to the putative California Class predominate over any

20  questions affecting only individual members of the putative California Class, and because a class

21  action is superior to other available methods for the fair and efficient adjudication of this

22  litigation. Defendant's common and uniform policies and practices unlawfully failed to

23  completely compensate the putative California Class. The damages suffered by individual

24  members of the putative California Class are small compared to the expense and burden of

25  individual prosecution of this litigation. In addition, class certification is superior because it will

26  obviate the need for unduly duplicative litigation which might result in inconsistent judgments

27  about Defendant's practices.

28

1    73.    Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all

2    members of the putative California Class to the extent provided by Rule 23.

3    74.    Plaintiff proposes that the class be defined as:

4    **All current and former Dashers who worked for Defendant in the State of**
     **California from any time starting four years prior to the date of the filing of the**
5    **initial Complaint until the date the case resolves.**

6    75.    Plaintiff also brings this action as an aggrieved employee on behalf of himself and

7    other current former employees pursuant to the California Private Attorneys General Act

8    ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

9    ## VII.    CAUSES OF ACTION

10   **1.    First Claim for Relief – Violation of the FLSA, Failure to Pay the Minimum**
         **Wage to Plaintiff and Putative Collective Action Members.**
11

12   76.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in

13   this section, unless inconsistent.

14   77.    The foregoing conduct, as alleged, violated the FLSA.

15   78.    Plaintiff and the putative Collective Action are non-exempt employees entitled to

16   be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. §

17   203(e)(1).

18   79.    Defendant was, at all times relevant to this claim for relief, the employer of

19   Plaintiff and the putative Collective Action. *See* 29 U.S.C. § 203(d).

20   80.    Defendant is and was required to pay its employees, Plaintiff and the putative

21   Collective Action, the minimum wage for all hours worked. 29 U.S.C. § 206.

22   81.    Defendant failed to pay Plaintiff and the putative Collective Action their

23   minimum wages for all hours worked in a given workweek.

24   82.    Defendant's conduct was willful and done to avoid paying wages. 29 U.S.C. §

25   255(a). Therefore, Plaintiff and the putative Collective Action are entitled to a three (3) year

26   statute of limitations. *Id.*

27

28

83.     Plaintiff seeks all damages to which he and the putative Collective Action are entitled under the FLSA, including their back wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.     Second Claim for Relief – Failure to Reimburse Employees for Required Expenses in Violation of Cal. Labor Code § 2802.

84.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

85.     Pursuant to California Labor Code section 2802, Defendant is required to indemnify Plaintiff and the California Class Members for the expenses and losses incurred during the performance of their job duties. The purpose of this statute is to prevent employers from passing their operating expenses on to their employees.

86.     In violation of Labor Code Section 2802, Defendant required Plaintiff and Class Members to pay the following operational expenses: (i) Plaintiff's use of a personal vehicle (*i.e.* gasoline and maintenance), (ii) the cost of liability insurance, (iii) damage claims, (iv) parking and toll road charges incurred while picking up/dropping off deliveries; (v) the cost of a cell phone, and all other tools/equipment in order to do the work required.

87.     Plaintiff seeks to recover, on behalf of himself and other Class Members, these expenses unlawfully deducted by Defendant from Class Members' pay, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

### 3.     Third Claim for Relief – Willful Misclassification in Violation of Cal. Lab. Code § 226.8.

88.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

89.     Defendant continues to willfully misclassify Dashers as independent contractors, as set forth above. Plaintiff seeks damages for himself and the California Class members pursuant to Cal. Lab. Code § 226.8.

**4.** **Fourth Claim for Relief - Minimum Wage Violations, Cal. Wage Order No. MW-2017; Cal. Labor Code §§ 1182.11, 1182.12, & 1194.**

90.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

91.    The California Labor Code requires that all employees be paid minimum wages by their employers.

92.    Defendant's policy and practices as described herein resulted in violations of the California minimum wage provisions.

93.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Class have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under eight hours per day during the period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages and costs and attorneys' fees, pursuant to statute and other applicable law.

**5.** **Fifth Claim for Relief - Failure to Provide Accurate, Itemized Wage Statements Cal. Lab. Code § 226.**

94.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

95.    Section 226(a) of the California Labor Code requires Defendant to itemize in wage statements all deductions made from wages earned by Plaintiff and other Class Members, and to accurately report total hours worked, tips and wages earned, by such employees. Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and other Class Members.

96.    By failing to keep adequate records, as required by Labor Code section 226, Defendant has injured Plaintiff and other Class Members, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendant (including wages, interest, and penalties thereon) due to Plaintiff and other Class Members.

Plaintiff's Original Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

97.     Plaintiff seeks to recover, on behalf of himself and other Class Members, the statutory penalties provided by Labor Code section 226(e) for the wage statement violations committed by Defendant.

**6.      Sixth Claim for Relief – Unfair Business Practices under Cal. Bus. & Prof. Code §§ 17200,** *et seq.*

98.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

99.     Plaintiff and the putative California Class are nonexempt employees entitled to be paid their minimum wages for all hours worked, as defined above. *See* Section 4 above.

100.    Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code §350(a).

101.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

102.    Beginning at some point prior to four years ago, Defendant committed and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

103.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.   Failure to pay the minimum wage pursuant to the Fair Labor Standards Act; and

b.   Failure to pay the California state minimum wage.

104.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the

1    UCL. Defendant's conduct described herein violates the policy or spirit of such laws or

2    otherwise significantly threatens or harms competition.

3          105.    The unlawful and unfair business practices and acts of Defendant, described

4    above, have injured Plaintiff and the putative California Class in that they were wrongfully

5    denied payment of earned wages.

6          106.    Plaintiff, on behalf of himself and the putative California Class, seeks restitution

7    in the amount of the respective unpaid wages earned and due for work performed at the

8    applicable minimum wage rate. Plaintiff also seeks losses incurred as a result of Defendant's

9    requirement that he and the California Class Members incur business expenses on behalf of

10    DoorDash.

11          107.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by

12    Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

13

14         **7.**       **Seventh Claim for Relief – California PAGA Claims Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 2698-2699.5**

15          108.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in

16    this section, unless inconsistent.

17          109.    Plaintiff and the putative California Class are nonexempt employees entitled to be

18    paid their minimum wages for all overtime hours worked, as defined above.

19          110.    Defendant was, at all times relevant to this claim for relief, the employer of

20    Plaintiff and the putative California Class pursuant to California law and all other relevant law.

21          111.    Under the California Private Attorneys General Act ("PAGA") of 2004, Cal.

22    Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other

23    current or former employees as well as the general public, may bring a representative action as a

24    private attorney general to recover penalties for an employer's violations of the California Labor

25    Code and IWC Wage Orders. These civil penalties are in addition to any other relief available

26    under the California Labor Code, and must be allocated 75% to California's Labor and

27    Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

28

Plaintiff's Original Complaint

1    112.    Plaintiff and the putative California Class are nonexempt employees entitled to be

2   paid their minimum wage compensation for all regular hours worked, as defined above.

3    113.    Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper

4   compensation to Plaintiff and the putative California Class is unlawful and constitutes violations

5   of the California Labor Code, each actionable under PAGA.

6    114.    Plaintiff alleges, on behalf of himself and the putative California Class, as well as

7   the general public, that Defendant has violated the following provisions of the California Labor

8   Code and the following provisions of California Wage Order 16 that are actionable through the

9   Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 16-2001, Cal.

10  Labor Code §§ 510 & 1194. Each of these violations entitles Plaintiff, as a private attorney

11  general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all

12  aggrieved employees, and on behalf of the general public.

13   115.    Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

14  
15      Notwithstanding any other provision of law, any provision of this code that
        provides for a civil penalty to be assessed and collected by the Labor and
        Workforce Development Agency or any of its departments, divisions,
16      commissions, boards, agencies, or employees, for a violation of this code, may, as
        an alternative, be recovered through a civil action brought by an aggrieved
17      employee on behalf of himself or herself and other current or former employees
        pursuant to the procedures specified in Section 2699.3.

18   116.    Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

19   117.    Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as

20  PAGA requires, pursuant to Cal. Labor Code § 2699(a), for Defendant's violations of the

21  California Labor Code and the relevant IWC Wage Order for which violations a civil penalty is

22  already specifically provided by law. Further, Plaintiff is entitled to civil penalties to be paid by

23  Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of

24  the California Labor Code and the relevant IWC Wage Order for which violations a civil penalty

25  is not already specifically provided.

26

27

28

                                         Plaintiff's Original Complaint

118.     Plaintiff will provide written notice of his PAGA claims to relevant entities

subsequent to filing this Complaint, and will file a notice with the Court when exhaustion is

completed.

119.     Under PAGA, Plaintiff and the State of California are entitled to recover the

maximum civil penalties permitted by law for the violations of the California Labor Code and

Wage Order No. 16 that are alleged in this Complaint.

## VIII.   JURY DEMAND

120.     Plaintiff hereby demands a jury trial on all causes of action and claims for relief

with respect to which he and the putative Collective and California Class Action Members have

a right to jury trial.

## IX.     DAMAGES AND PRAYER

121.     Plaintiff asks that the Court issue summons for Defendant to appear and answer,

and that Plaintiff and the Collective and California Class Action Members be awarded a

judgment against Defendant or order(s) from the Court for the following:

> a.     An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;
>
> b.     An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;
>
> c.     Designation of Goldman-Hull as a Representative of the California Class Action Members;
>
> d.     Designation of attorneys Robert R. Debes, Jr. and Ricardo J. Prieto, of Shellist Lazarz Slobin, LLP, and Melinda Arbuckle, of Baron & Budd, P.C., as Class Counsel for the California Class Action Members;
>
> e.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;
>
> f.     An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.   An award of damages including all unpaid minimum wages for all hours worked up to forty in a workweek, and all liquidated damages, and restitution to be paid by Defendant;

h.   Appropriate statutory penalties;

i.   Costs of action incurred herein, including expert fees;

j.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.   Pre-judgment and post-judgment interest, as provided by law;

l.   Such other injunctive and equitable relief as the Court may deem just and proper.

DATED:  March 22, 2019

Respectfully submitted,

By:     s/Melinda Arbuckle
        Melinda Arbuckle

**BARON & BUDD, P.C.**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698


**SHELLIST | LAZARZ | SLOBIN LLP**

Robert R. Debes, Jr. (*Pending PHV*)
bdebes@eeoc.net
Ricardo J. Prieto (*Pending PHV*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff, Noah Goldman-Hull, and Proposed Class and Collective Action Members*