# EXHIBIT C



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Dec-07-2018 2:38 pm

Case Number: CGC-18-567869

Filing Date: Dec-07-2018 2:37

Filed by: WILLIAM TRUPEK

Image: 06602720

ORDER

CYNTHIA MARCIANO VS. DOORDASH INC.

001C06602720

**Instructions:**
Please place this sheet on top of the document to be scanned.

*Prepared by the court.*

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

FILED
San Francisco County Superior Court
DEC 7 2018
CLERK OF THE COURT
BY: _____ Deputy Clerk

| | |
|---|---|
| CYNTHIA MARCIANO, et al., | Case No. CGC-18-567869 |
| Plaintiffs, | |
| vs. | **ORDER GRANTING MOTION TO STAY ACTION** |
| DOORDASH, INC., | |
| Defendant. | |

A welter of litigation has been filed to decide the same central issue: whether people who have worked with DoorDash, Inc. to deliver food from restaurants to consumers are independent contractors or employees. This particular action was filed under "the Labor Code Private Attorneys General Act of 2004" (Labor Code §2698 et seq.: PAGA).

DoorDash moves to stay these court proceedings and to compel arbitration. I GRANT the motion to stay for each of three reasons:

*First,* other plaintiffs (represented by the same counsel) are presently arbitrating the same independent contractor v. employee issue with DoorDash, with hearings set for early 2019. Thus, CCP §1281.4 provides that this action "shall be stayed" pending the arbitrations. (See also *Marcus v. Sup. Ct.* (1977) 75 Cal.App.3d 204, 209.)

*Second,* a PAGA action – *Marko v. DoorDash, Inc.* – that makes the same allegations seeking the same penalties for the same group of DoorDash delivery providers was first-filed in Los Angeles County Superior Court. Thus, this San Francisco PAGA action should be stayed in

1

favor of the Los Angeles PAGA action. (See, e.g., *Alakozai v. Chase Inv. Servs. Corp.* (C.D.Cal. 3/1/12 2012 WL 748548 at 6 ("allowing the two matters to proceed simultaneously would risk inconsistent judgments and defeat efficiency").

*Third,* as recognized by Code of Civil Procedure §128, courts have inherent powers to control the proceedings before them. Thus, I could, and would, stay this action *sua sponte* on grounds of efficiency and consistency even if not required to do so by statute.

Questions of arbitrability are DEFERRED until such time as they need to be decided, if ever.

Dated: December 7, 2018

_____
Richard B. Ulmer Jr.
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

CYNTHIA MARCIANO, et al.,

    Plaintiffs,

v.

DOORDASH, INC.,

    Defendants.

Case No. CGC-18-567869

**CERTIFICATE OF MAILING**
(CCP 1013a (4))

    I, William Trupek, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

    On December 7, 2018, I served the attached ORDER GRANTING MOTION TO STAY ACTION, by placing a copy thereof in a sealed envelope, addressed as follows:

MICHAEL J. HOLECEK
GIBSON DUNN
333 SOUTH GRAND AVE.
LOS ANGELES, CA 90071

SHANNON LISS-RIORDAN
LICHTEN & LISS-RIORDAN, P.C.
729 BOYLSTON ST. STE 2000
BOSTON, MA 02116

JOSHUA LIPSHUTZ
GIBSON DUNN
1050 CONNECTICUT AVE. N.W.
WASHINGTON D.C. 20036

I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: December 7, 2018

T. MICHAEL YUEN, Clerk

By: _____
William Trupek,
Deputy Clerk