GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH GOLDMAN-HULL, an individual, in his individual and representative capacity,<br><br>           Plaintiff,<br><br>     v.<br><br>DOORDASH, INC.,<br><br>           Defendant. | CASE NO. 3:19-cv-01513-EMC<br><br>**REPLY ISO DEFENDANT DOORDASH, INC.'S MOTION TO COMPEL ARBITRATION AND STAY**<br><br>Hearing Date: August 22, 2019<br>Hearing Time: 9:00 a.m.<br>Hearing Location: Courtroom F<br><br>Action Filed:  March 22, 2019<br><br>Hon. Edward Chen |

**CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. The Court Should Compel Arbitration Of Plaintiff's Claims On An Individual Basis ................................................................................................................... 2

    B. The Court Should Stay This Action Pending Resolution Of Plaintiff's Arbitration On An Individual Basis ................................................................... 2

    C. The Court Should Deny Leave To Amend The Complaint ............................. 4

        1. Plaintiff's Request For Leave To Amend Is Procedurally Improper ................ 5

        2. Plaintiff's Request For Leave To Amend Is Substantively Improper ............... 5

    D. Alternatively, If The Court Grants Leave To Amend, It Should Make Clear That The Entire Action Will Remain Stayed Pending The Resolution Of Plaintiff's Arbitration ....................................................................................... 6

III. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alakozai v. Chase Inv. Servs. Corp.*,
  2012 WL 748584 (C.D. Cal. Mar. 1, 2012) ......................................................................... 4

*Anderson v. Monterey Fin. Servs., LLC*,
  2018 WL 4961663 (N.D. Cal. Oct. 12, 2018) ..................................................................... 3

*Capelli Enters., Inc. v. Fantastic Sams Salons Corp.*,
  2017 WL 130284 (N.D. Cal. Jan. 13, 2017) ....................................................................... 3

*Dist. Council 16 Int'l Union v. LML Enters., Inc.*,
  2013 WL 3802903 (N.D. Cal. July 18, 2013) ..................................................................... 3

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................ 6

*Gaffers v. Kelly Servs., Inc.*,
  900 F.3d 294 (6th Cir. 2018) .............................................................................................. 4

*Heredia v. Sunrise Senior Living, LLC*,
  2018 WL 5734617 (N.D. Cal. Oct. 31, 2018) ..................................................................... 3

*Horenstein v. Mortg. Mkt., Inc.*,
  9 F. App'x 618 (9th Cir. 2001) .......................................................................................... 4

*Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*,
  2019 WL 1449502 (C.D. Cal. Mar. 26, 2019) ............................................................... 1, 6

*Magana v. DoorDash, Inc.*,
  343 F. Supp. 3d 891 (N.D. Cal. 2018) ....................................................................... 2, 3, 6

*MediVas, LLC v. Marubeni Corp.*,
  741 F.3d 4 (9th Cir. 2014) .................................................................................................. 2

*Price v. Petaluma Health Ctr.*,
  2019 WL 402314 (N.D. Cal. Jan. 31, 2019) ....................................................................... 3

*Ramos v. Wells Fargo Bank, N.A.*,
  2018 WL 3036913 (N.D. Cal. June 19, 2018) .................................................................... 5

*Reilly v. Recreational Equip., Inc.*,
  2019 WL 1024960 (N.D. Cal. Mar. 4, 2019) ...................................................................... 6

*Roussel v. DoorDash, Inc.*,
  No. CGC-19-572934 (S.F. Super. Ct., filed Jan. 17, 2019) ................................................ 3

*Silva v. Darden Restaurants, Inc.*,
  2018 WL 3533364 (C.D. Cal. July 20, 2018) ................................................................. 4

*Taylor v. AlliedBarton Sec. Servs., LP*,
  2014 WL 1329415 (E.D. Cal. Apr. 1, 2014) .................................................................... 4

*Vela v. United States*,
  2018 WL 4191547 (C.D. Cal. Aug. 30, 2018) ................................................................. 5

*Wyland v. Berry Petroleum Co., LLC*,
  2019 WL 1047493 (E.D. Cal. Mar. 5, 2019) .................................................................... 6

**Statutes**

9 U.S.C. § 3 ................................................................................................................ 1, 2, 5, 6

9 U.S.C. § 4 ............................................................................................................................ 1

**Other Authorities**

Wright & Miller, 6 Fed. Prac. & Proc. § 1473 (3d ed.) .......................................................... 5

**Rules**

Fed. R. Civ. P. 8 ..................................................................................................................... 6

Fed. R. Civ. P. 15(a)(2) .......................................................................................................... 5

Local Rule 7-1(a)(1) ............................................................................................................... 5

Local Rule 10-1 ...................................................................................................................... 5

Gibson, Dunn &
Crutcher LLP

iii
REPLY ISO DOORDASH, INC.'S MOTION TO COMPEL ARBITRATION    CASE NO. 3:19-CV-01513-EMC

## I.     INTRODUCTION

Plaintiff Noah Goldman-Hull concedes that his claims are arbitrable. Nevertheless, he conditions his willingness to submit to arbitration on "the Court permit[ting] him to substitute either Opt-in Plaintiff Jacob Justeson McGrath, Vickie Smiley, or both as the named Plaintiff(s) and class representative(s) who will proceed with the prosecution of the lawsuit." Opp. at 1.

The law does not permit Plaintiff to condition arbitration on the Court allowing a third party to take his place in a lawsuit. The Federal Arbitration Act ("FAA") is clear: The Court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement," 9 U.S.C. § 4, and "shall on application of one of the parties stay the trial of the action until such arbitration has been had," *id.* § 3. Plaintiff does not (and cannot) dispute that he agreed to arbitrate this dispute with DoorDash. The Court, therefore, "shall" compel arbitration and "shall" stay the case—regardless of whether McGrath or Smiley joins the case.

Further, the Court should deny Plaintiff's improper request for leave to amend the complaint. The complaint never should have been filed in the first place because, as Plaintiff concedes, he agreed to arbitrate. Plaintiff cannot, on the one hand, dismiss his claims in favor of arbitration but, on the other, amend his complaint on behalf of *other* DoorDash contractors who are not parties to this case. *See Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, 2019 WL 1449502, at *7 (C.D. Cal. Mar. 26, 2019) (denying named plaintiff's motion for leave to add new plaintiffs when named plaintiff was subject to arbitration). Plaintiff's request is also procedurally flawed because it is not made by noticed motion and does not include a proposed amended complaint (as the Local Rules require). This is not simply a technical defect. By not filing a motion with a proposed amended complaint, there is no way for the Court to know whether McGrath and Smiley can even plead claims against DoorDash. For example, there are no proposed allegations stating that McGrath and Smiley signed up to be DoorDash contractors, that their claims fall outside any arbitration agreement, or that they have been aggrieved in any way. And without any proposed allegations regarding McGrath and Smiley, DoorDash cannot adequately respond to Plaintiff's request for leave to amend.

Finally, the Court should follow the FAA's plain language and stay, rather than dismiss, Plaintiff's claims. If the Court grants leave to amend (it should not), it should make clear that the case

will remain stayed while Plaintiff arbitrates his claims, as Judge Hamilton recently held in a similar case. *See Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 903–04 (N.D. Cal. 2018).

## II.     ARGUMENT

### A.     The Court Should Compel Arbitration Of Plaintiff's Claims On An Individual Basis

DoorDash's motion to compel arbitration of Plaintiff's claims is essentially unopposed. Plaintiff makes no attempt to argue that his claims should not be compelled to arbitration. He does not dispute (and thus concedes) all of the dispositive facts, including that: he entered into an Independent Contractor Agreement ("ICA") with DoorDash; the ICA is a valid, enforceable contract governed by the FAA; the ICA requires the parties to resolve disputes through bilateral arbitration; the parties delegated any disputes over arbitrability to the arbitrator; Plaintiff was free to—but did not—opt out of the ICA's Arbitration Agreement. Nor does Plaintiff dispute that Supreme Court precedent requires courts to enforce class, collective, and representative-action waivers.

The Court, therefore, should grant DoorDash's motion to compel arbitration on an individual basis. Plaintiff suggests he will arbitrate his "PAGA *representative* claims" (Opp. at 5), but that is not possible, as Plaintiff agreed that no dispute with DoorDash would be "arbitrated as … a class action, collective action and/or representative action." Tang Decl. Ex. A, § XI.3. Therefore, Plaintiff's arbitration must proceed on an individual, and not "representative," basis.

### B.     The Court Should Stay This Action Pending Resolution Of Plaintiff's Arbitration On An Individual Basis

Under the FAA, if the Court determines that a dispute is arbitrable, it "*shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphases added). In keeping with the FAA's statutory text, the Ninth Circuit's "preference" is to "stay[] an action pending arbitration rather than dismissing it." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014).

This Court repeatedly has adhered to the Ninth Circuit's preference for staying cases pending arbitration, including in *Magana v. DoorDash*. In that case, Judge Hamilton denied the plaintiff's request to dismiss his arbitrable claims, noting that "[t]he plain language of the FAA seems to require that the court 'shall' stay the 'action' pending arbitration," and finding "no reason to depart from the

FAA's plain language in this instance." 343 F. Supp. 3d at 902. Other courts have done the same. *See Price v. Petaluma Health Ctr.*, 2019 WL 402314, at *2 (N.D. Cal. Jan. 31, 2019) (staying rather than dismissing); *Heredia v. Sunrise Senior Living, LLC*, 2018 WL 5734617, at *3 (N.D. Cal. Oct. 31, 2018) (same); *Anderson v. Monterey Fin. Servs., LLC*, 2018 WL 4961663, at *5 (N.D. Cal. Oct. 12, 2018) (same); *Dist. Council 16 Int'l Union v. LML Enters., Inc.*, 2013 WL 3802903, at *1 (N.D. Cal. July 18, 2013) (same); *Capelli Enters., Inc. v. Fantastic Sams Salons Corp.*, 2017 WL 130284, at *5 (N.D. Cal. Jan. 13, 2017) (staying case because "whether or not Plaintiffs' claims are actually arbitrable has yet to be determined").

Plaintiff urges the Court to do what all of these cases have refused to do: depart from the FAA's plain language and the Ninth Circuit's preference for stays, and instead dismiss his claims. *See* Opp. at 4–5. But his rationale for dismissal—"so that the substituted Named Plaintiff(s) may continue with their non-arbitrable claims unencumbered," *id.* at 5—makes no sense. If the Court dismisses Plaintiff's claims, there would be no action left for McGrath or Smiley to join.

Staying this action pending Plaintiff's arbitration would not prejudice anyone. *First*, McGrath and Smiley are free to file a new action against DoorDash—and staying this case does not prevent them from doing so. Indeed, filing a separate action is exactly what Judge Hamilton suggested that a potential new plaintiff do in *Magana*, 343 F. Supp. at 903–04. And the potential new plaintiff did so, opting not to join the action of a contractor whose claims were properly compelled to arbitration. *See Roussel v. DoorDash, Inc.*, No. CGC-19-572934 (S.F. Super. Ct., filed Jan. 17, 2019).[1]

*Second*, there are already numerous PAGA actions proceeding against DoorDash on behalf of the exact same group of DoorDash contractors. Indeed, in *Marciano v. DoorDash, Inc.*, the court stayed a PAGA action because of the "welter of litigation" against DoorDash on "the same central issue" of misclassification. Lipshutz Decl. Ex. C at 1. Plaintiff attempts to distinguish that case "because the *Marciano* plaintiffs were represented by the same attorneys as those in an identical

---

[1] DoorDash reserves the right to argue that Smiley and McGrath must arbitrate (instead of litigate) any purported claims. Plaintiff argues that DoorDash "has not submitted any evidence precluding either of the other two Opt-in Plaintiffs from continuing as class representatives," Opp. at 3, but that is because neither McGrath nor Smiley has been added as a named plaintiff or otherwise sought to litigate any claims against DoorDash in court.

previously-filed suit against DoorDash." Opp. at 6. But the passage of the *Marciano* order Plaintiffs reference dealt with a California state law not at issue here. Plaintiff does not attempt to distinguish *Marciano*'s second independent basis for a stay, which expressly cited *federal* law to stay the PAGA claim because "allowing the two matters to proceed simultaneously would risk inconsistent judgments and defeat efficiency." Lipshutz Decl. Ex. C, at 2 (quoting *Alakozai v. Chase Inv. Servs. Corp.*, 2012 WL 748584, at *6 (C.D. Cal. Mar. 1, 2012)); *accord Farran v. DoorDash, Inc.*, Lipshutz Decl. Ex. A (denying leave to add PAGA claim because any such claim "would be stayed pending the outcome of other [earlier-filed] actions"). Plaintiff argues that the first-to-file rule does not apply to PAGA claims. Opp. at 6. While some courts have held that they are not *required* to stay later-filed PAGA claims under the first-to-file rule, others have recognized that they should enter a discretionary stay to prevent duplication and inconsistent judgments. *See Farran*, Lipshutz Decl. Ex. A; *Marciano*, Lipshutz Decl. Ex. C; *Alakozai*, 2012 WL 748584, at *6. This Court should follow *Farran*, *Marciano*, and *Alakozai*.

*Third*, a stay would not prejudice any FLSA collective action members. Opp. at 8. Plaintiff does not acknowledge any of the precedent DoorDash cited holding that FLSA claims are arbitrable, and that collective-action waivers are enforceable. *See* Mot. at 18; Tang Decl. Ex. A, § XI.3; *Horenstein v. Mortg. Mkt., Inc.*, 9 F. App'x 618, 619 (9th Cir. 2001) (FLSA claims are arbitrable); *Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 296 (6th Cir. 2018) (same); *Silva v. Darden Restaurants, Inc.*, 2018 WL 3533364, at *5 (C.D. Cal. July 20, 2018) (enforcing collective-action waiver). Because Plaintiff cannot bring an FLSA claim (and acknowledges it should be dismissed), he cannot "show" that contractors who opted out of the collective-action waiver are "entitled to notice of this lawsuit and an opportunity to collectively participate." Opp. at 8. Simply put, absent collective-action members are not prejudiced because there is no FLSA claim to join.[2]

**C.     The Court Should Deny Leave To Amend The Complaint**

The Court should deny Plaintiff leave to amend on both procedural and substantive grounds.

---

[2] *Taylor v. AlliedBarton Sec. Servs., LP*, 2014 WL 1329415 (E.D. Cal. Apr. 1, 2014) (cited at Opp. at 8 n.34, 9 n.38), is irrelevant because it does not involve a motion to compel arbitration or discuss whether an FLSA claim should be stayed when the only named plaintiff waived his right to bring a collective action.

### 1. Plaintiff's Request For Leave To Amend Is Procedurally Improper

Where, as here, a party has applied for a stay pending the resolution of contractual arbitration, the Court "shall" stay the action. 9 U.S.C. § 3. Thus, the Court must enter a stay as soon as it is "satisfied that the issue … is referable to arbitration." *Id.* Plaintiff's attempt to amend the complaint during that mandatory stay is procedurally improper.

Moreover, because Plaintiff never filed a motion for leave to amend his complaint, there is no motion pending before the Court. *See* Local Rule 7-1(a)(1) ("Any written request to the Court for an order must be presented by [d]uly noticed motion…."); *Ramos v. Wells Fargo Bank, N.A.*, 2018 WL 3036913, at *6 (N.D. Cal. June 19, 2018) ("To the extent Ms. Ramos intends to assert new or different claims for relief or add new parties, she must make an appropriate motion for leave to amend pursuant to Fed. R. Civ. P. 15."); *Vela v. United States*, 2018 WL 4191547, at *1 (C.D. Cal. Aug. 30, 2018) ("Plaintiff … cannot amend his complaint by adding allegations or claims in his Objections or Supplemental Objections. Plaintiff must file a motion for leave to amend the First Amended Complaint and attach a proposed Second Amended Complaint."). Thus, Plaintiff's repeated references to the burdens of the "non-movant" (*see* Opp. at 3, 4 n.17) do not apply where there is no motion for DoorDash to oppose.

Plaintiff also has not followed Local Rule 10-1, which requires "[a]ny party filing or moving to file an amended pleading [to] reproduce the entire proposed pleading" and forbids "incorporat[ing] any part of a prior pleading by reference." This rule makes good sense. DoorDash cannot adequately oppose a request to amend a complaint without knowing what the amended complaint would allege (particularly through an unrelated reply brief).

For these procedural reasons alone, the Court should reject Plaintiff's efforts to substitute hypothetical claims of other contractors who are not currently part of this lawsuit.

### 2. Plaintiff's Request For Leave To Amend Is Substantively Improper

Procedural violations aside, Plaintiff's request for leave to amend is substantively improper. Courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But Rule 15's language "does not mean that there are no standards by which the trial court is to be guided." Wright & Miller, 6 Fed. Prac. & Proc. § 1473 (3d ed.). Indeed, the Supreme Court has held that district

courts should not allow amendment if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff's proposed amendment would be futile because there are no allegations about Smiley or McGrath, and thus the complaint fails to state a claim on their behalf. The crux of the complaint is that DoorDash did not pay certain contractors minimum wage. (Compl. ¶ 76–83, 90–93.) But there are no allegations in the complaint that Smiley and McGrath ever were DoorDash contractors, let alone how many hours they spent making deliveries and how much money they earned. Without these basic factual allegations, there is no valid cause of action against DoorDash. *See* Fed. R. Civ. P. 8; *Wyland v. Berry Petroleum Co., LLC*, 2019 WL 1047493, at *8 (E.D. Cal. Mar. 5, 2019) ("Plaintiff's failure to allege facts and circumstances that support the elements of his claims is fatal to his [Labor Code] claims."); *Reilly v. Recreational Equip., Inc.*, 2019 WL 1024960, at *4 (N.D. Cal. Mar. 4, 2019) (dismissing Labor Code claims for failure to state a claim).[3]

**D.    Alternatively, If The Court Grants Leave To Amend, It Should Make Clear That The Entire Action Will Remain Stayed Pending The Resolution Of Plaintiff's Arbitration**

If the Court grants leave to amend (it should not), it should follow the course Judge Hamilton took in *Magana* and make clear that the "court has stayed the *entire action* pursuant to 9 U.S.C. § 3 pending arbitration of [Plaintiff's] claims." 343 F. Supp. 3d at 904. Thus, "[P]laintiff may either amend the complaint to add [McGrath and Smiley] … with the knowledge that the entire action will be stayed pending arbitration of [Plaintiff's] claims, or he may decline to file an amended complaint." *Id.* McGrath and Smiley should not be permitted to litigate their claims "until arbitration of [Plaintiff's] claims is complete." *Id.*; *see also Knepper*, 2019 WL 1449502, at *8 (staying all proceedings, including PAGA claim, pending arbitration of individual claims).

Staying the action comports with the FAA's plain language that the Court "shall … stay the trial of *the action* until arbitration has been had." 9 U.S.C. § 3 (emphasis added). Because the entire "action" must be stayed, McGrath and Smiley cannot litigate claims in this "action" while Plaintiff arbitrates his claims.

---

[3] Indeed, even Plaintiff's existing complaint is barebones and appears to be copied and pasted from a complaint in an unrelated case, given his repeated references to "technicians" and "technician employees," which are not relevant to this case. *See* Compl. ¶¶ 8, 58. Plaintiff offers no amendment to cure these defects.

### III. CONCLUSION

This Court should compel arbitration on an individual basis, stay this action, and deny leave to amend the complaint. At minimum, it should make clear that the stay of this entire action pending resolution of Plaintiff's arbitration will remain in effect even if McGrath and Smiley are added as named plaintiffs.

Dated: July 12, 2019                              GIBSON, DUNN & CRUTCHER LLP


                                                  By:     */s/ Joshua Lipshutz*
                                                             Joshua Lipshutz


                                                  Attorneys for Defendant DOORDASH, INC.