GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant DOORDASH, INC.

SHELLIST | LAZARZ | SLOBIN LLP
Robert R. Debes, Jr. (*pro hac vice*)
  bdebes@eeoc.net
Ricardo J. Prieto (*pro hac vice*)
  rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, TX 77046
Telephone:    713.621.2277
Facsimile:    713.621.0993

BARON & BUDD, P.C.
Melina Arbuckle, SBN 302723
  marbuckl@baronbudd.com
15910 Ventura Blvd., Suite 1600
Encino, CA 91436
Telephone:    818.839.6506
Facsimile:    818.986.9698

Attorneys for Plaintiff NOAH GOLDMAN-HULL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH GOLDMAN-HULL, an individual, in his individual and representative capacity,<br><br>               Plaintiff,<br><br>    v.<br><br>DOORDASH, INC.,<br><br>               Defendant. | CASE NO. 3:19-cv-01513-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hearing Date: August 22, 2019<br>Hearing Time: 9:00 a.m.<br>Hearing Location: Courtroom F<br><br>Action Filed:  March 22, 2019<br><br>Hon. Edward Chen |

Gibson, Dunn & Crutcher LLP

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's June 5, 2019 Order, Plaintiff NOAH GOLDMAN-HULL and Defendant DOORDASH, INC. (collectively, the "Parties") hereby submit the following Joint Case Management Statement.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendant met and conferred by email regarding the subjects set forth in Rule 16(c) of the Federal Rules of Civil Procedure, as well as the Standing Order for All Judges of the Northern District.

## 1. JURISDICTION AND SERVICE

The Parties agree that this Court has jurisdiction over this matter under 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 216(b).

The Parties do not intend to raise any issues concerning personal jurisdiction or venue.

All parties to this matter have been served and have appeared.

## 2. FACTUAL BACKGROUND

Plaintiff's Statement:

Defendant provides takeout food delivery via a phone application and website throughout the country. To do so, it employs delivery drivers (a/k/a "Dashers"). Defendant misclassifies Plaintiff and its other Dashers as "independent contractors" rather than "employees" and fails to pay them for all hours worked. Furthermore, DoorDash does not pay Plaintiff or its other Dashers an hourly wage or a salary; rather, Plaintiff receives the "delivery fee" that is paid by DoorDash's customers, as well as any gratuity that the customer pays to the Dasher. DoorDash, not Plaintiff or the other Dashers, determines the "delivery fee."

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") seeking damages for Defendant's failure to pay the federally mandated minimum wage. Plaintiff brings this action on behalf of similarly situated Dashers misclassified by Defendant as independent contractors located nationwide as a collective action under 29 U.S.C. § 216(b). This action is also brought under the California Labor Code § 226.8 for the willful misclassification of its Dashers, California Labor Code § 2802 for unlawfully requiring its misclassified Dashers to pay business expenses, California Labor Code §§ 1194 and 1197 for failing to pay the required minimum wage for all hours worked, and

California Labor Code § 226(a) for failing to provide itemized wage statements. Plaintiff brings the California State Law claims as a class action under Fed. R. Civ. P. 23. Finally, this action is brought under the California Private Attorneys General Act, ("PAGA") for Defendant's various aforementioned violations of California State Law seeking statutory penalties assessed in connection with PAGA. Plaintiff brings the claims under PAGA as a representative action pursuant to that statute.

Defendant's Statement:

DoorDash is a technology company headquartered in San Francisco, California that provides an online marketplace connection using web-based technology that connects independent contractor delivery providers ("Contractors" or "Dashers"), a broad array of restaurants and/or other business, and consumers ("DoorDash platform").  Customers can access the platform via the DoorDash website or a mobile application ("DoorDash app") on a smartphone.  Customers may use the DoorDash app to place orders for food and/or other items from various restaurants and businesses. Once such orders are made, DoorDash software notifies Contractors that a delivery opportunity is available via the DoorDash app on their smartphone or other mobile device, and DoorDash software facilitates completion of the delivery.  Contractors are free to accept or reject delivery opportunities at their discretion.

In order to become authorized to use DoorDash's platform, each Contractor, including Plaintiff, must enter into an Independent Contractor Agreement ("ICA") with DoorDash.  The ICA expressly states that the parties intend the ICA to create the relationship of principal and independent contractor and not that of employer and employee between DoorDash and the Contractor.  Pursuant to the ICA, DoorDash exercises minimal control over the activities of the Contractors.  For example, DoorDash has no right to, and does not, control the manner or means that Contractors use to perform delivery services.  Indeed, Contractors are free to select the times they wish to be available on the platform to receive delivery opportunities in the geographic locations that they will be available to perform delivery services, thereby giving the Contractors significant control over the times and locations at which they render food delivery services.  Contractors are also solely responsible for determining how to perform the delivery services, including, but not limited to, the manner of pickup,

Gibson, Dunn &
Crutcher LLP

JOINT CASE MANAGEMENT STATEMENT                                CASE NO. 3:19-CV-01513-EMC

1  delivery, and route selection.  For example, the ICA expressly provides that Contractors are free to

2  hire or engage others to assist their performance of the delivery services.  In addition, the ICA

3  expressly provides that Contractors, including Plaintiff, have the right to engage in similar

4  arrangements with other companies, even if such companies directly compete with DoorDash, and

5  even during the time the Contractor is logged into the DoorDash platform.  Contractors are also not

6  required to wear a uniform or other clothing of any type bearing DoorDash's name or logo.

7       DoorDash denies Plaintiff's contention that DoorDash misclassified Plaintiff and the putative

8  class-, collective-, and representative-action members as independent contractors.

9                                 **3.  LEGAL ISSUES**

10      The parties agree that the primary legal issues presented by Plaintiff's lawsuit will be:

11  (1) whether DoorDash has misclassified Plaintiff as an independent contractor; (2) the standard for

12  determining employment in this matter with respect to Plaintiff's state-law claims, as Plaintiff

13  believes the standard established by *Dynamex Operations West, LLC v. Superior Court*, 4 Cal. 5th

14  903 (2018), applies to his state-law claims, while DoorDash believes this Court should apply the

15  common-law multifactor test for employment set forth in *S.G. Borello & Sons, Inc. v. Department of*

16  *Industrial Relations*, 48 Cal. 3d 341 (1989), to Plaintiff's state-law claims; (3) whether DoorDash has

17  failed to pay Plaintiff minimum wage in violation of 29 U.S.C. § 209; (4) whether Defendant has

18  failed to reimburse Plaintiff's necessary and reasonable business expenses in violation of California

19  Labor Code § 2802; (5) whether DoorDash has willfully misclassified Plaintiff in violation of

20  California Labor Code § 226.8; (6) whether DoorDash has failed to pay minimum wage in violation

21  of California Labor Code §§ 1181.11, 1181.12, 1194, and the applicable wage order; (7) whether

22  DoorDash has failed to provide an accurate itemized paystub in violation of California Labor Code §

23  226; (8) whether DoorDash has violated California Business & Professions Code § 17200, *et seq*.; (9)

24  whether Plaintiff's claims may be adjudicated on a class basis; (10) whether a class may be certified

25  in this case, where, among other things, DoorDash contends absent putative class members are bound

26  by arbitration agreements; (11) whether Plaintiff's claims may be adjudicated on a collective basis;

27  (12) whether Plaintiff's claims may be adjudicated on a representative basis; and (13) whether

28  Plaintiff must arbitrate his dispute with DoorDash on an individual basis.

### 4. MOTIONS

Defendant's Statement:

Defendant moved to compel arbitration of Plaintiff's claims on an individual basis and stay proceedings (Dkt. 16), which is scheduled to be heard on August 22, 2019.  If the Court were to certify a class, FLSA collective action, or PAGA representative action of contractors, DoorDash would promptly move to compel arbitration of the claims of absent class members who are bound by arbitration agreements.

Plaintiff's Statement:

Plaintiff anticipates filing a motion for conditional certification of an FLSA collective action and a motion for class certification under Rule 23. The arbitration agreement at issue does not apply to Opt-in Plaintiffs Jacob Justeson McGrath and Vickie Smiley (ECF No. 4), who timely opted out of Defendant's arbitration agreement. DoorDash has not submitted any evidence precluding either of the two Opt-in Plaintiffs from continuing as class representatives. Moreover, whether Defendant's arbitration agreement is enforceable as to any putative Class Member is not relevant at the initial stage for conditional class certification. *See, e.g., Conde v. Open Door Mktg., LLC*, 2017 WL 1508968, at *15 (N.D. Cal. Apr. 27, 2017); *see also Saravia v. Dynamex*, 310 F.R.D. 412, 424 (N.D. Cal. 2015) ("[n]o district court in our circuit has denied conditional certification on the basis that some members of the proposed collective may be subject to valid and enforceable clauses. The decisions that have addressed that issue have all found that the issue of enforceability of arbitration clauses related to the merits of the case and therefore should be dealt with in phase two.").

Furthermore, should the Court disagree and find that a motion to compel arbitration should be ruled upon prior to distribution of FLSA notice, it remains clear that Plaintiff's PAGA claims cannot be compelled to arbitration, and they should not be stayed. It is well established that PAGA claims cannot be compelled to "individual" arbitration pursuant to the provisions of a class waiver. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 384, 327 P.3d 129, 149 (2014). Thus, Plaintiff's PAGA claims cannot be subject to arbitration, and will without question proceed in this Court.

1

**5.  AMENDMENT OF PLEADINGS**

2

In its opposition to Defendant's motion to compel arbitration (Dkt. 28), Plaintiff requested

3

leave to amend his Complaint.  In its reply brief (Dkt. 29), DoorDash opposed Plaintiff's request for

4

leave to amend.

5

**6.  EVIDENCE PRESERVATION**

6

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

7

Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and

8

proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

9

The parties are aware of and have complied with their evidence preservation obligations.

10

**7.  DISCLOSURES**

11

Joint Statement:

12

Per Rule 26(a), the parties must exchange their initial disclosures in this matter on or before

13

September 5, 2019.

14

Defendant's Statement:

15

DoorDash believes initial disclosures should be stayed until pleadings are closed. DoorDash

16

further submits that only discovery related to Plaintiff's claims and the extent to which putative

17

class-, collective-, or representative-action members are bound by valid arbitration agreements with

18

class action waivers is appropriate at this time because no class-, collective-, or representative-action

19

can be certified in this case due to arbitration agreements executed by absent putative class members.

20

Plaintiff's Statement:

21

For the reasons stated above, arbitration is not relevant at the initial class certification stage

22

and has no bearing as to Plaintiff's PAGA claims. Therefore, Plaintiff believes that the parties should

23

exchange disclosures and all information required without limitation pursuant to Rule 26(a).

24

Likewise, a discovery stay is not warranted because the enforceability (or lack thereof) of

25

Defendant's arbitration agreement will have no dispositive effect to this case (*i.e.*, at minimum

26

Plaintiff's PAGA claims will continue before this Court).

27

28

# 8.  DISCOVERY

Defendant's Statement:

DoorDash contends that discovery should not commence until the Court rules on DoorDash's motion to compel arbitration and stay proceedings and any subsequent Rule 12 motion. This ensures that the pleadings in this case are settled before the parties incur the burden and expense of discovery. Conducting discovery before the pleadings are settled would be premature and prejudicial to DoorDash, who should not have to incur the burden and expense of conducting discovery into claims that are not viable.  *See Pacello v. Jimenez*, No. CIV. 13-0405-GPC (WVG), 2013 WL 1439697, at *2 (S.D. Cal. Apr. 9, 2013) (full discovery "before the pleadings are settled" is prejudicial to defendants); *Robertson v. Qadri*, No. C06-04624 JF (HRL), 2008 WL 162530, at *2 (staying deposition because "the pleadings are not yet settled [and] defendants have a pending motion to dismiss").  DoorDash further submits that, when discovery commences, it should focus initially on class-, collective-, and representative-action certification discovery, which includes the deposition of and discovery related to the individual named Plaintiff, and discovery regarding the extent to which putative class members are bound by valid arbitration agreements with class action waivers because such agreements bar class certification.  *See Avilez v. Pinkerton Govt. Serv. Master Global Holding, Inc.*, 596 F. App'x 579 (9th Cir. Feb. 10, 2015); *see also In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861-62 (D. Md. 2013); *Pablo v. Service Master Global Holdings, Inc.*, 2011 WL 3476473, at *3 (N.D. Cal. Aug. 9, 2011); *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 610-12 (S.D. Cal. Mar. 26, 2015).

Plaintiff's Statement:

Plaintiff incorporates his prior statement from Section 7.

Joint Statement:

The parties do not anticipate the need for a stipulated e-discovery order.

The parties do not currently believe that it is necessary to alter the limitations on discovery imposed under the Federal Rules of Civil Procedure or Civil Local Rules.  However, the parties reserve the right to seek such alteration at a later date.

## 9.  CLASS ACTIONS

Defendant's Statement:

At an appropriate time, DoorDash intends to oppose class certification or seek other relief to challenge the propriety of Plaintiff's class allegations because, among other reasons, virtually all of the other contractors who have made food deliveries using DoorDash's online platform have signed arbitration agreements with class-action waivers.  *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087 (9th Cir. 2018).  Plaintiff cannot satisfy the typicality, commonality, predominance and adequacy requirements because he is not subject to the same primary defenses as the putative class members. *See Avilez*, 596 F. App'x at 580; *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861–62; *Pablo*, 2011 WL 3476473, at *3; *Guzman*, 305 F.R.D. at 610–12.  Furthermore, given that nearly all of the other Contractors have signed arbitration agreements with class waivers, Plaintiff also cannot satisfy the numerosity requirement.

Plaintiff also cannot satisfy Rule 23 because there is no common proof that would support a class finding of employment status or the purported violations of the California Labor Code.  The determination as to whether DoorDash has misclassified contractors and engaged in the alleged violations of the FLSA and California Labor Code will involve highly individualized inquiries into, *inter alia*, the distinct relationship between DoorDash and each contractor, the individualized experiences of contractors and where and when they used the DoorDash online platform, the alleged expenses incurred, and the specific number of hours worked by each contractor.  *See e.g.*, *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (certification improper where claims were not "capable of [accurate] measurement on a classwide basis" because "[q]uestions of individual … calculations w[ould] inevitably overwhelm questions common to the class"); *Narayan v. EGL, Inc.*, 285 F.R.D. 473, 480 (N.D. Cal. 2012) ("class members were situated very differently in their operations" and concluding that "common questions [did] not predominate"); *Sotelo v. MediaNews Group, Inc.*, 207 Cal. App. 4th 639, 656–58 (2012) (holding that misclassification theory was not amenable to class treatment where determination of employment status required individualized inquiries).  Because the evidence will show that the Contractors are in fact a diverse group with widely divergent experiences and interactions with DoorDash, these individualized issues will

overwhelm any common questions and preclude certification. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (holding that certification is improper where there is no "common contention ... of such a nature that it ... will resolve an issue that is central to the validity of each one of the claims in one stroke").

Plaintiff's Statement:

Plaintiff incorporates his prior statement from Section 4.

## 10.  RELATED CASES

On May 23, 2019 this Court issued an order holding that the case of *Magana v. DoorDash, Inc.*, Case No. 18-cv-03395-PJH, is not related to this case.  (ECF No. 21.).

## 11.  RELIEF SOUGHT

Plaintiff seeks a declaratory judgment that DoorDash's conduct is unlawful under the FLSA and California law. He also seeks damages for minimum wage violations, liquidated damages and restitution. Plaintiff further seeks to recover penalties established by the Labor Code for DoorDash's violations thereof as detailed in Plaintiff's complaint. Plaintiff also seeks injunctive relief enjoining the conduct that he contends is unlawful.

DoorDash denies that Plaintiff is entitled to recover any damages, statutory penalties, or relief whatsoever and further denies that Plaintiff may maintain this action as a class-, collective-, or representative-action.

## 12.  SETTLEMENT AND ADR

This case is in its early stages and the parties have not yet engaged in ADR efforts.  The parties are willing to attend mediation, potentially following initial written discovery and depositions.

## 13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties do not consent to have a magistrate judge conduct all further proceedings.

## 14.  OTHER REFERENCES

The Parties agree that this matter is not suitable for reference to judicial arbitration, a special mater, or the Judicial Panel on Multidistrict Litigation.

## 15.  NARROWING OF ISSUES

The parties agree that DoorDash considers Dashers to be, and treats Dashers as, independent

contractors rather than employees.

### 16.  EXPEDITED TRIAL PROCEDURE

The Parties do not believe this matter is suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17.  SCHEDULING

Defendant believes that setting a trial schedule in this matter is premature at this time, as the Court has not yet ruled on DoorDash's motion to compel arbitration and stay proceedings.

Plaintiff believes that the Court should issue a trial schedule at this time.

### 18.  TRIAL

Plaintiff seeks a jury trial.

DoorDash reserves its right to trial by jury.

The Parties cannot reasonably anticipate the length or date of trial until after the Court resolves DoorDash's motion to compel arbitration and stay proceedings and, if necessary, Rule 12 motions, motions for summary judgment, and motions under the FLSA 216(b) and Rule 23, and the parties and the Court determines what discovery, motions, and trial preparation are required at that stage.

### 19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed a Certificate of Interested Parties concurrently with this Statement. Plaintiff is aware only of only the following interested parties hereto: Plaintiff and DoorDash.

DoorDash filed its Certificate of Interested Entities or Persons on August 14, 2019.  (Dkt. 30.) DoorDash has disclosed that, pursuant to Civil L.R. 3-15, other than the named parties, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest that could be substantially affected by the outcome of the proceeding:  SB Investment Holdings (UK) Ltd.; SoftBank Group Capital Limited; Softbank Group Corp. SB Investment Holdings (UK) Ltd., a private company that owns more than 10 percent of the outstanding stock of DoorDash, Inc., is a wholly owned subsidiary of SoftBank Group Capital Limited, which is wholly owned by SoftBank Group Corp., a publicly held corporation;

Sequoia Capital, a private company that owns more than 10 percent of the outstanding stock of DoorDash, Inc.

## 20.  PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21.  OTHER MATTERS

The parties at this time do not request the attention of the Court with respect to matters other than those outlined above.

This report is filed by Noah Goldman-Hull.  All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


DATED:  August 15, 2019          SHELLIST | LAZARZ | SLOBIN LLP


                                 By:  _/s/ Ricardo Prieto_____
                                      ROBERT R. DEBES, JR.
                                      RICARDO PRIETO
                                      MELINDA ARBUCKLE

                                 Attorney for Plaintiff Noah Goldman-Hull


DATED:  August 15, 2019          GIBSON DUNN & CRUTCHER LLP


                                 By:  _/s/ Joshua S. Lipshutz_____
                                      JOSHUA S. LIPSHUTZ
                                      THEANE EVANGELIS
                                      MICHAEL HOLECEK

                                 Attorney for Defendant DoorDash, Inc.

Gibson, Dunn &
Crutcher LLP

1

## CASE MANAGEMENT ORDER

2     The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3 approved as the Case Management Order for this case and all parties shall comply with its provisions.

4

5 IT IS SO ORDERED.

6    Dated: _____    _____

7                                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. 3:19-CV-01513-EMC